IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAMS JAMES STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:16-CV-625-WKW |
| | ) (WO) |
| MARY F. LONG, | ) |
| Jail Administrator, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On July 28, 2016, Plaintiff Williams James Steele filed this action *pro se* against Defendants Mary F. Long and Kenneth Ellis, alleging that the defendants acted with deliberate indifference to his health during his incarceration in the Dale County Jail.[1] Based upon an independent review of the Complaint, the court concludes that the interests of justice require this case be transferred to the United States Court for the Southern District of Alabama.

## I. DISCUSSION

All the actions about which Steele complains occurred in Demopolis, Alabama, which is located in the Southern District of Alabama. Steele does not

---

[1] At the time Plaintiff filed his complaint, he also filed an application for leave to proceed *in forma pauperis*. The court takes no action concerning that application which is best resolved by the United States District Court for the Southern District of Alabama.

1

allege that any acts giving rise to his complaint occurred in the Middle District of Alabama. Transfer is proper pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

There is no question that venue is proper in the Southern District of Alabama. All the actions about which Steele complains are alleged to have occurred in the Southern District of Alabama. It appears that most, if not all, the witnesses that would be knowledgeable about this case are located in the Southern District of Alabama. None of the complained of events are alleged to have occurred in the Middle District of Alabama and none of the witnesses appear to be located in the Middle District of Alabama. The plaintiff does not appear to have any connection to the Middle District of Alabama.

The decision to transfer a case is within the discretion of the trial court with the propriety of transfer being decided based on the facts of each individual case. *See Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991); *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the

defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Therefore, the court concludes that the interests of justice require that this case be transferred to the United States District Court for the Southern District of Alabama.

## CONCLUSION

Accordingly, it is ORDERED and ADJUDGED that this case be and is hereby transferred to the United States District Court for the Southern District of Alabama pursuant to the provision of 28 U.S.C. §1406(a).

The Clerk of Court is DIRECTED to take the necessary steps to transfer this case to the United States Courts for the Southern District of Alabama.

DONE this 29th day of August, 2016.

                              /s/ W. Keith Watkins
                        CHIEF UNITED STATES DISTRICT JUDGE